IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NOEL FELIX ORTEGA,

    Plaintiff,                     No. CIV S-07-2095 LKK DAD P

    vs.

JEFF KELLY, et al.,

    Defendants.               ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. § 1914(a) & 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. See 28 U.S.C. § 1915(b)(1). Plaintiff will be obligated to make monthly payments of twenty percent of

the preceding month's income credited to plaintiff's prison trust account.  These payments will be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, ___ U.S. ___,    , 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 127 S. Ct. at 1965.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital

1  Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the
2  plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421
3  (1969).

4      The Civil Rights Act under which this action was filed provides as follows:

5      Every person who, under color of [state law] . . . subjects, or causes
       to be subjected, any citizen of the United States . . . to the
6      deprivation of any rights, privileges, or immunities secured by the
       Constitution . . . shall be liable to the party injured in an action at
7      law, suit in equity, or other proper proceeding for redress.

8  42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the
9  actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See
10 Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
11 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the
12 meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or
13 omits to perform an act which he is legally required to do that causes the deprivation of which
14 complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

15     Moreover, supervisory personnel are generally not liable under § 1983 for the
16 actions of their employees under a theory of respondeat superior and, therefore, when a named
17 defendant holds a supervisorial position, the causal link between him and the claimed
18 constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862
19 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory
20 allegations concerning the involvement of official personnel in civil rights violations are not
21 sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

22     In the present case, plaintiff has named as defendants Jeff Kelly, Psychologist at
23 High Desert State Prison (HDSP); T. Murray, Psychologist at HDSP; R. Colletti, Psychologist at
24 HDSP; J. Cummings, Chief Psychologist at HDSP; A.M. Burt, Psychiatrist at HDSP; N.
25 Acquavia, Health Care Manager at HDSP; R. Pimental, Appeals Examiner; and R. Manuel,
26 Substitute Chief of the Inmate Appeals Branch. (Compl. at 2.)

1    Plaintiff alleges that he has suffers from a history of depression and other mental
2 health problems.  On November 21, 2006, plaintiff was transferred to HDSP and placed in
3 administrative segregation.  Plaintiff alleges that he informed a prison nurse of his mental health
4 problems.  However, he alleges that defendants Kelly and Murray improperly removed him from
5 the correctional clinical case management system (CCCMS) because he was not on psychotropic
6 medication.  Plaintiff maintains that he told defendant Kelly that he needed to talk to someone
7 about his depression and suicidal thoughts, but defendant Kelly refused to help him because he
8 was not on his mental health list.  (Compl. at 4-5.)

9    Plaintiff alleges that he had a conversation with defendant Cummings, and he said
10 he would place him back on CCCMS status.  However, plaintiff later asked defendant Kelly if he
11 was placed back on CCCMS, and he said "no."  In addition, plaintiff alleges that he submitted
12 several mental health slips but received no response from prison officials.  Plaintiff alleges that
13 he also submitted a 602, alleging that prison officials were violating his Eighth Amendment
14 rights by refusing him mental health services.  (Compl. at 5.)

15    Plaintiff contends that on March 9, 2007, defendant Murray interviewed him
16 regarding his 602.  Plaintiff told him that he was having a hard time sleeping, that he hears
17 voices, and that he sees shadows.  Plaintiff alleges that defendant Murray failed to provide him
18 with care, intentionally ignored his mental illness, and cleared him of any mental referrals.
19 (Compl. at 5.)

20    Plaintiff alleges that he subsequently saw Dr. Burt who informed him that she
21 would put him back on CCCMS status and prescribe him medication.  However, when he
22 received a copy of her report he learned that Dr. Burt had not recommend that he be placed back
23 on the mental health program, nor did she prescribe any medication.  (Compl. at 5-6.)

24    Plaintiff alleges that on June 30, 2007, he informed medical personnel that he did
25 not receive his dinner and was having suicidal thoughts.  Plaintiff spoke with Dr. Colleti, who
26 /////

1  determined that his condition did not warrant suicide watch.  Dr. Colleti classified plaintiff's
2  condition as chronic and low risk of suicide.  (Compl. at 6.)
3         On or about September 5, 2007, plaintiff attended a mental health hearing
4  presided over by defendant Murray.  Plaintiff alleges that he asked for medication for his
5  depression and sleeping problems, but defendant Murray refused his request.  (Compl. at 6.)
6         Plaintiff alleges that under the CCCMS program, he is supposed to see a case
7  manager at least once a week, meet with an interdisciplinary treatment team once a year, and visit
8  with a psychiatric technician once a day.  However, plaintiff alleges that none of these visits have
9  taken place.  Plaintiff alleges that all he needs is to see a doctor who can prescribe him
10  medication.  (Compl. at 6.)
11         Plaintiff claims that defendant Cummings is aware that defendants Kelly and
12  Murray can not take him off of the CCCMS program simply because he is not on medication.
13  Plaintiff contends that the courts have ruled that prisoners do not have to take medication if they
14  do not want to, and he should not be denied CCCMS status for that reason.  Plaintiff alleges that
15  he told defendant Cummings that this is a form of force when he is forced to choose between
16  taking medications and getting help or not taking medications.  (Compl. at 6-7.)
17         Plaintiff alleges that defendant Acquavia is involved in the constitutional
18  violations because he reviews prisoner grievances as the health care manager.  Plaintiff alleges
19  that defendant Acquavia screened his grievance and failed to address the problems he was
20  experiencing.  Similarly, plaintiff alleges that defendants Pimental and Manuel also respond to
21  appeals, and by denying his grievances and depriving him of mental health services, these
22  defendants have violated his constitutional rights.  (Compl. at 7-8.)
23         Plaintiff seeks monetary damages and requests that the federal government take
24  over the mental health department within the California Department of Corrections and
25  Rehabilitation.  In addition plaintiff requests that inmates who are on the mental health program
26  be excluded from solitary confinement and that any prisoner denied medical treatment be

relieved from having to fully exhaust a grievance beyond the informal level of review.  (Compl. at 3.)

        The court finds that plaintiff's complaint states cognizable claims for relief against defendants Kelly and Murray.  If the allegations of the complaint are proven against the defendants, plaintiff has a reasonable opportunity to prevail on the merits of this action.  The court finds that plaintiff's complaint does not state a cognizable claim against defendants Acquavia, Burt, Colletti, Cummings, and Manuel.  Plaintiff has failed allege any specific causal link between the actions of these defendants and the claimed constitutional violations.

        In accordance with the above, IT IS HEREBY ORDERED that:

        1.  Plaintiff's November 13, 2007 application to proceed in forma pauperis is granted.

        2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

        3.  Service of the complaint is appropriate for the following defendants:  Jeff Kelly and T. Murray.

        4.  The Clerk of the Court shall send plaintiff two USM-285 forms, one summons, an instruction sheet and a copy of the complaint filed October 5, 2007.

        5.  Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit all of the following documents to the court at the same time:

        a.  The completed, signed Notice of Submission of Documents;

        b.  One completed summons;

        c.  One completed USM-285 form for each defendant listed in number 3 above; and

        d.  Three copies of the endorsed complaint filed October 5, 2007.

6. Plaintiff shall not attempt to effect service of the complaint on defendants or request a waiver of service of summons from any defendant. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

DATED: November 28, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
orte2095.1a

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NOEL FELIX ORTEGA,

        Plaintiff,            No. CIV S-07-2095 LKK DAD P

    vs.

JEFF KELLY, et al.,        NOTICE OF SUBMISSION

        Defendants.       OF DOCUMENTS

_____/

        Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

        _____ <u>one</u> completed summons form;

        _____ <u>two</u> completed USM-285 forms; and

        _____ <u>three</u> true and exact copies of the complaint filed October 5, 2007.

DATED: _____.

                                                                     Plaintiff