1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   NOEL FELIX ORTEGA,

11              Plaintiff,                    No. CIV S-07-2095 LKK DAD P

12        vs.

13   JEFF KELLY, et al.,

14              Defendants.              <u>FINDINGS AND RECOMMENDATIONS</u>

15   _____/

16            Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action

17   filed pursuant to 42 U.S.C. § 1983.  On February 29, 2008, defendants Kelly and Murray filed a

18   motion to dismiss plaintiff's claims for injunctive relief on the ground that the remedy plaintiff

19   seeks in this action must be sought in <u>Coleman v. Schwarzenegger</u>, No. CIV S-90-0520 LKK

20   JFM (E.D. Cal.), a class action suit concerning mental health care in California state prisons.  On

21   March 21, 2008, plaintiff filed a timely opposition to the motion.  On March 25, 2008,

22   defendants filed a timely reply.

23                              **BACKGROUND**

24            In his complaint plaintiff alleges as follows.  Plaintiff suffers from a history of

25   depression and other mental health problems, including suicidal thoughts.  (Compl. at 3-4.)  On

26   November 21, 2006, he was transferred from the California Correctional Institution to High

1

1   Desert State Prison (HDSP), where prison officials placed him in administrative segregation.  (Id.

2   at 4.)  Plaintiff informed prison officials at HDSP of his mental health issues, but defendants

3   Kelly and Murray (psychologists at HDSP) improperly removed him from the correctional

4   clinical case management system (CCCMS) because he was not on psychotropic medication.  (Id.

5   at 4.)  According to plaintiff, the defendants have repeatedly refused to provide him with

6   adequate mental health treatment and services in violation of the Eighth Amendment.  (Id. at 6-

7   7.)  Plaintiff seeks monetary damages and requests that the federal government take over the

8   mental health department of the California Department of Corrections and Rehabilitation

9   (CDCR).  Plaintiff also claims that the placement of prisoners in solitary confinement creates

10  tension, suicide and violence and he therefore requests an order requiring that any inmates

11  participating in the mental health program of CDCR be excluded from placement in solitary

12  confinement.  (Id. at 3.)

13                          **DEFENDANTS' MOTION TO DISMISS**

14  I.  Defendants' Motion

15                  Defendants argue that plaintiff may not maintain his claims for injunctive relief

16  regarding the constitutionality of mental health care at HDSP because there is a pending class

17  action suit involving the same subject matter.  (Defs.' Mot. to Dismiss at 4.)  Specifically,

18  defendants explain that Coleman v. Schwarzenegger, No. CIV S-90-0520 LKK JFM concerns the

19  adequacy of mental health care provided to California state inmates.  (Id.)  Defendants contend

20  that the Coleman litigation provides a forum for plaintiff's injunctive relief claims and that

21  allowing him to independently pursue such claims in this action would be duplicative.  (Id.)

22  Defendants conclude that plaintiff must present any equitable claims for relief through the class

23  representative in the Coleman action until that suit is resolved.

24  II.  Plaintiff's Opposition

25                  In opposition, plaintiff argues that his case is not similar to Coleman v.

26  Schwarzenegger.  (Pl.'s Opp'n to Defs.' Mot. to Dismiss at 10.)  Specifically, plaintiff contends

1  that the defendants have intentionally deprived him of mental health treatment, causing him

2  unnecessary and wanton infliction of pain.  (Id.)  Plaintiff argues that, once prison officials place

3  an inmate in a mental health program, they should not take him off that program.  (Id.)  Plaintiff

4  concludes that he is entitled to relief because defendants unjustifiably removed him from the

5  mental health program.  (Id. at 4.)  Plaintiff repeats his requests that the federal government take

6  over the mental health program of the CDCR and forbid prison officials from housing mental

7  health program inmates in the administrative segregation or security housing units.  (Id. at 5 &

8  12.)

9  III.  Defendants' Reply

10      In reply, defendants reiterate that plaintiff's claims for injunctive relief cannot be

11  pursued forward in this case because of the pending class action in Coleman.  (Defs.' Reply at 2.)

12  They also repeat their argument that allowing plaintiff to pursue his claims for injunctive relief in

13  this case would be duplicative and that such equitable claims must be sought through the class

14  representatives in the Coleman case.

15  IV.  Legal Standards Applicable to a Motion to Dismiss Pursuant to Rule 12(b)(6)

16      A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil

17  Procedure tests the sufficiency of the complaint.  North Star Int'l v. Arizona Corp. Comm'n, 720

18  F.2d 578, 581 (9th Cir. 1983).  Dismissal of the complaint, or any claim within it, "can be based

19  on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a

20  cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

21  See also Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).  In order to

22  survive dismissal for failure to state a claim a complaint must contain more than "a formulaic

23  recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to

24  raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, ___ U.S.

25  ___, ___, 127 S. Ct. 1955, 1965 (2007).

26  /////

1    In determining whether a pleading states a claim, the court accepts as true all

2    material allegations in the complaint and construes those allegations, as well as the reasonable

3    inferences that can be drawn from them, in the light most favorable to the plaintiff. Hishon v.

4    King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S.

5    738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In the context of a

6    motion to dismiss, the court also resolves doubts in the plaintiff's favor. Jenkins v. McKeithen,

7    395 U.S. 411, 421 (1969). However, the court need not accept as true conclusory allegations,

8    unreasonable inferences, or unwarranted deductions of fact. W. Mining Council v. Watt, 643

9    F.2d 618, 624 (9th Cir. 1981).

10    In general, pro se pleadings are held to a less stringent standard than those drafted

11    by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). The court has an obligation to construe

12    such pleadings liberally. Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).

13    However, the court's liberal interpretation of a pro se complaint may not supply essential

14    elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d

15    266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992).

16                                          **ANALYSIS**

17    A plaintiff who is a member of a class action for equitable relief from prison

18    conditions may not maintain a separate, individual suit for equitable relief involving the same

19    subject matter of the class action. See Crawford v. Bell, 599 F.2d 890, 892-93 (9th Cir. 1979);

20    see also McNeil v. Guthrie, 945 F.2d 1163, 1165 (10th Cir. 1991) ("Individual suits for

21    injunctive and equitable relief from alleged unconstitutional prison conditions cannot be brought

22    where there is an existing class action."); Gillespie v. Crawford, 858 F.2d 1101, 1103 (5th Cir.

23    1988) (en banc) ("To allow individual suits would interfere with the orderly administration of the

24    class action and risk inconsistent adjudications.").

25    A class action pending in this court, Coleman v. Schwarzenegger, No. CIV S-90-

26    0520 LKK JFM, involves a constitutional challenge to the adequacy of mental health care

provided in the California state prison system.  That is the same subject matter presented by

plaintiff's equitable claims in this action.  The class in Coleman is comprised of mentally ill

inmates incarcerated in California prisons alleging that prison officials are depriving them of

constitutionally required mental health care.  More precisely, the class includes "all inmates with

serious mental disorders who are now or who will in the future be confined within the California

Department of Corrections. . . ."  See Coleman v. Wilson, 912 F. Supp. 1282, 1293 (E.D. Cal.

1995).

        In this case, plaintiff has raised claims against defendants Kelly and Murray,

psychologists at High Desert State Prison, for their alleged interference with his constitutionally-

mandated mental health treatment.  However, plaintiff is a member of the Coleman class and

must bring his "claims for equitable relief . . . through the class representative until the class

action is over or the consent decree is modified."  McNeil, 945 F.2d at 1166.  See also Crawford,

599 F.2d at 892-93; Frost v. Symington, 197 F.3d 348, 359 (9th Cir. 1999).  Accordingly,

defendants' motion to dismiss only plaintiff's claims for injunctive relief should be granted.

## CONCLUSION

        IT IS HEREBY RECOMMENDED that:

    1.  Defendants' February 29, 2008 motion to dismiss (Doc. No. 13) be granted;

    2.  Plaintiff's claims for injunctive relief be dismissed; and

    3.  This action proceed on plaintiff's claim for damages in accordance with the

March 11, 2008 discovery order.

        These findings and recommendations are submitted to the United States District

Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fifteen

days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

shall be served and filed within ten days after service of the objections.  The parties are advised

1   that failure to file objections within the specified time may waive the right to appeal the District

2   Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3   DATED: August 25, 2008.

4

5   _____

6   DALE A. DROZD
    UNITED STATES MAGISTRATE JUDGE

7   DAD:9
    orte2095.57

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

6